IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JORGE ANTONIO GARCIA-RIVERA,
*Petitioner,*

v.

KRISTI NOEM,

*Respondents.*

1:26-cv-229-MSN-WBP

## ORDER

Jorge Antonio Garcia-Rivera ("Petitioner") has filed a five-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his current detention, in light of an IJ granting him Convention Against Torture ("CAT") relief from removal to his native El Salvador, for the apparent purpose of removing him to Mexico, violates 8 U.S.C. § 1231 as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001) (Count I), his due process rights (Counts II, III), the reasonable fear interview regulations (Count IV), and the regulations governing revocations of orders of supervision (Count V).

Petitioner is currently detained at the Caroline Detention Center in Bowling Green, Virginia.. He has sued Robert Guadian, the Washington Field Office Director of ICE; Todd M. Lyons, ICE's Acting Director; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively "Federal Respondents"). He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center.

Upon consideration of the Petition (ECF 1) and the parties' briefing thereto, and for the following reasons, the Court will GRANT the Petition (ECF 1) and ORDER that Petitioner be immediately released.

## I.    BACKGROUND

Petitioner is a citizen and national of El Salvador and has no claim to citizenship or legal immigration status in any other country. ECF 1 ¶ 27. He first entered the United States without inspection in 2012, was ordered removed in June 2016, and was physically removed from the United States in July 2016. *Id.* ¶ 28. Petitioner then unlawfully reentered the United States in 2017 but was encountered by ICE agents and detained. *Id.* ¶ 29. Accordingly, Petitioner's prior removal order was reinstated. *Id.*

However, Petitioner then stated a fear of removal to El Salvador. *Id.* ¶ 30. Following a positive determination on a reasonable fear interview by USCIS, an Immigration Judge August 8, 2023 determined that Petitioner would more likely than not be tortured if he were removed to El Salvador and thus granted him deferral of removal under CAT. *Id.* ¶¶ 30, 31. Petitioner was released on an order of supervision on September 8, 2023. *Id.* ¶ 32. No party appealed Petitioner's deferral of removal, *Id.* ¶ 31, and Federal Respondents have not taken any steps to reopen or rescind that grant of relief. *Id.* ¶ 33. Petitioner has maintained stable housing and employment, is married to a U.S. citizen, and was granted an employment authorization document on September 13, 2024, which necessarily entailed a determination that he "cannot be removed due to the refusal of all countries designated by the alien or under this section to receive the alien." *Id.* ¶¶ 33, 34 (citing 8 U.S.C. § 1231(a)(7)(A)).

On January 22, 2026, Petitioner appeared for a scheduled check-in with ICE, but without prior warning, he was arrested by ICE agents and verbally told that his order of supervision was "being revoked to investigate whether he could be removed to Mexico."[1] *Id.* ¶ 35. While he did not receive a Notice of Revocation of Release as of the filing of his Petition on January 23, 2026, *id.* ¶ 35, Federal Respondents have now produced such a Notice dated January 22, 2026, albeit

---

[1]    Federal Respondents state that Petitioner was arrested on January 21, 2026. ECF 4-3 ¶ 14.

with the "proof of service" section not completed. ECF 4-3. Petitioner was taken to the Caroline Detention Center, where he is currently detained. *Id.* ¶ 37.

On January 27, 2026, Petitioner was referred to an asylum officer for a fear screening to Mexico. ECF 4-3 ¶ 15. Accordingly, on January 29, 2026, Petitioner was interviewed by an asylum officer and on the same day, USCIS determined that Petitioner did not establish it was more likely than not that he would be persecuted or tortured in Mexico. *Id.* Federal Respondents assert to this Court that "[b]earing in mind this Court's Order, which forbids Petitioner's removal, ICE is ready to move forward with removal, and if the Court were to lift its Order forbidding removal, would send Petitioner to a staging facility to effectuate Petitioner's removal to Mexico." *Id.* ¶ 16.

## II.   DISCUSSION

Petitioner brings five claims falling into three buckets: (1) his detention violates the INA and his due process rights as explained by *Zadvydas* because his removal from the United States is not significantly likely in the reasonably foreseeable future (Counts I, II); (2) he is entitled to a reasonable fear interview and review of his fear claim as to Mexico by an Immigration Judge according to certain regulations and as a matter of his due process rights, prior to removal to Mexico (Counts III, IV); and (3) his arrest and cancellation of his release on supervision violates 8 C.F.R. § 241.4(l) and his due process rights (Count V). Petitioner asks that he be immediately released and his order of supervision be restored and that Federal Respondents be enjoined from removal to third countries without observing proper procedures.[2] ECF 1 at 13, 14.

---

[2]      Federal Respondents also assert that Petitioner cannot seek relief in this district as a matter of comity because he is a member of the non-opt out Rule 23(b)(2) class certified in *D.V.D. v. DHS*, 778 F. Supp. 3d 355 (D. Mass. 2025) and should not be permitted to litigate issues raised in that case in other courts, and further because he should not be afforded relief that is likely to be overturned given the Supreme Court's stay of preliminary injunction in *D.V.D.* ECF 4 at 16-19. As explained by Judge Trenga in *Serpas v. Simon*, ECF 15, No. 1:25-cv-2369-AJT-WBP (E.D. Va. Feb. 3, 2026), these arguments are meritless. Further, as of the date of the entry of this Order, the final judgment that has been entered but stayed by the court in *D.V.D.* confirms that case involves certain legal issues and relief distinct from those the Petition raises now. ECF 241, 242, *D.V.D. v. DHS*, No. 1:25-cv-10676-BEM (D. Mass. Feb. 25, 2026).

Although the parties address Petitioner's detention as a purely *Zadvydas* issue, the Court does not resolve this this matter on purely *Zadvydas* grounds because DHS regulation 8 C.F.R. § 241.13 is applicable here and Federal Respondents failed to comply with their own regulation in revoking Petitioner's order of supervision and re-detaining him.[3] *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 149 (D. Mass. 2025).

Federal Respondents have asserted that Petitioner was re-detained based only on a change in circumstances because his case was being reviewed for removal to Mexico. ECF 4 at 9; ECF 4-3. "ICE's decision to re-detain a noncitizen like [Petitioner] who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Nguyen*, 788 F. Supp. 3d at 150 (quoting *Kong v. United States*,

---

[3]    There are two relevant types of orders of supervision. Under 8 C.F.R. § 241.4, "DHS may release an alien under an order of supervision if it determines that the alien would not pose a danger to the public or a risk of flight, without regard to the likelihood of the alien's removal in the reasonably foreseeable future." *Phommachak v. Wesling*, 2026 WL 157491, at *4 (D. Mass. Jan. 20, 2026) (cleaned up). Alternatively, under 8 C.F.R. § 241.13, release may be "based on a determination that there is no significant likelihood of removal to the country to which [the noncitizen] was ordered removed, or to a third country, in the reasonably foreseeable future." *Id.*

"The procedures required to revoke each of these forms of release are different. An order of release under section 241.4 may be revoked either where an individual violates his conditions of release, or where it has been determined that revocation is in the public interest . . . Alternatively, revocation of release that was ordered under section 241.13 requires (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Phommachak*, 2026 WL 157491, at *4. (cleaned up) (citing *Kong v. United States*, 62 F. 4th 608, 619-20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2))). When § 241.13(i) governs revocation, the procedures outlined for revocation under § 241.4(l) do not apply. 8 C.F.R. § 241.4(b)(4)

Here, Petitioner's Order of Supervision does not specify what regulation it was issued under. ECF 1-4. However, the Notice of Revocation of Release issued by Federal Respondents states that revocation was made based on "a determination that there are changed circumstances in your case" and "pursuant to 8 C.F.R. § 241.4 / 8 C.F.R. § 241.13." ECF 4-3. Accordingly, the Court finds that the requirements of Section 241.13(i)(2) apply here. Notably, the Notice cited "changed circumstances" language that only appears in and "parrots" Section 241.13. *Choy v. Woosley*, 2026 WL 324601, at *3 (W.D. Ky. Feb. 6, 2026); *see also Saengnakhone S. v. Noem*, 2026 WL 34132, at *5 (D. Minn. Jan. 6, 2026) (similar language in notice "implies ICE previously determined there was not a significant likelihood of removal and therefore § 251.4 does not govern the re-detention decision). Moreover, there is "no evidence in the record [that] contradicts ICE's own invocation of § 241.13," and in fact, "[t]he Notice itself contradicts [the idea] that the procedural requirements of Section 241.13 do not apply here." *Choy*, 2026 WL 324601, at *3 (citing *Qui v. Carter*, 2025 WL 2770502, at *2 (D. Kan. Sept. 26, 2025)).

4

62 F. 4th 608, 619-20 (1st Cir. 2023)). Federal Respondents, rather than Petitioner, bear the burden of proof to establish such changed circumstances. *E.g., Roble v. Bondi*, 803 F. Supp. 3d 766, 772-73 (D. Minn. 2025).

Federal Respondents fail to make that showing, and it is not a close call. As recently as September 2024, Federal Respondents themselves determined that Petitioner could not be removed from the United States due to the refusal of all countries designated by Petitioner or the government. Now, Federal Respondents state that "ICE has made progress in removing Petitioner to a third country [Mexico]," but the record before the Court indicates that this progress consists of only a deportation officer stating that "ICE is ready to move forward with removal" and that it "would send Petitioner to a staging facility to effectuate Petitioner's removal to Mexico." ECF 4-2 ¶ 16. There is nothing else, not even the suggestion that ICE has simply attempted to secure travel documents or Mexico's authorization for Petitioner's removal to Mexico. This all is plainly inadequate to establish a changed circumstance, let alone one that suggests removal has become significantly likely in the reasonably foreseeable future.[4] Because Federal Respondents have failed to follow their own regulations in revoking Petitioner's order of supervision and re-detaining him, and those regulations were promulgated to protect a fundamental constitutional right, Federal Respondents' actions are invalid and constitute a violation of due process under the *Accardi* doctrine. *Nguyen*, 788 F. Supp. 3d at 152.

What's more, Petitioner argues that that he cannot be removed to Mexico without a reasonable fear interview pursuant to the procedures established by 8 C.F.R. § 208.31, 1208.31,

---

[4]    *See, e.g., Serpas v. Simon*, ECF 15, No. 1:25-cv-2369-AJT-WBP (E.D. Va. Feb. 3, 2026) (identification of Mexico as country of removal but process that was "still in nascent stages with it being unclear whether Respondents have even obtained Mexico's affirmative assent to Petitioner's removal" insufficient under *Zadvydas*); *Roble*, 803 F. Supp. 3d at 773-74 (mere request to ICE headquarters for unspecified "third country removal assistance" insufficient); *Nguyen*, 788 F. Supp. 3d at 152 (ICE "processing" of but without receipt of travel document insufficient); *Solis Nolasco v. Noem*, 2026 WL 25002, at *5 (D. Md. Jan. 5, 2026) (finding no likelihood of removal to Mexico under *Zadvydas* where removal was "under current review by the Government of Mexico" but there were "no travel documents or requests for such" and "no information on how far along ICE is in the process of securing . . . removal to Mexico").

including review by an Immigration Judge. ECF 1 ¶¶ 47-52. Federal Respondents deny this and insist that all that he is entitled to is a screening by a USCIS asylum officer. ECF 4 at 20-30. Federal Respondents' argument is based primarily on the notion that while Sections 208.31, 1208.31 would provide the process Petitioner seeks and applies to those with reinstated removal orders (which Petitioner has), Petitioner does not qualify because Federal Respondents' third-country removal is somehow not an execution of the reinstated removal order. ECF 4 at 21-25. The Court disagrees with Federal Respondents' reading of the regulations. *Santamaria Orellana v. Baker*, 2025 WL 2841886, at *9-10 (D. Md. Oct. 7, 2025); *Nolasco Renderos v. Baker*, 2026 WL 40061, at *3-5 (D. Md. Jan. 7, 2026). Even if Federal Respondents were correct as to Petitioner's coverage under the regulations, the Court observes that Judge Trenga has already considered this very argument in *Serpas v. Simon*, ECF 15, No. 1:25-cv-2369-AJT-WBP (E.D. Va. Feb. 3, 2026), and there determined that Federal Respondents' position deprived the petitioner of procedural due process in any event. The Court finds Judge Trenga's thoughtful opinion persuasive and adopts it in whole. Petitioner is entitled to immigration judge review of his negative fear determination as described in 8 C.F.R. §§ 208.31, 1208.31.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Petition (ECF 1) is GRANTED; and it is further

ORDERED that no later than 4:00 p.m. on March 3, 2026, Federal Respondents RELEASE Petitioner from detention with all of his personal property; and it is further

ORDERED that Petitioner's order of supervision is RESTORED immediately and may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.13; and it is further

6

ORDERED that Federal Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are ENJOINED from removing Petitioner from this judicial district and the continental United States unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. §§ 208.31, 1208.31, of the USCIS asylum officer's negative determination regarding whether he has a reasonable fear of persecution or torture if removed to Mexico; and (2) all other requirements of 8 C.F.R. §§ 208.31, 1208.31 have been satisfied; and it is further

ORDERED that Federal Respondents file a status report with this Court within three (3) days stating whether Petitioner has been released and if not, why not.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge
Michael S. Nachmanoff
United States District Judge

March 2, 2026
Alexandria, Virginia